

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 13, 1962

Honorable Burton S. Burks, Sr.
County Attorney
Hood County
Granbury, Texas

Opinion No. WW-1494

Re: Application and implementation of Articles 1677, 1678 and 1679, V.C.S., relating to county free libraries.

Dear Mr. Burks:

You have requested the opinion of this office regarding the application and implementation of Articles 1677, 1678 and 1679, Vernon's Civil Statutes, relating to county free libraries.

The pertinent articles are quoted:

"Article 1677.

"The commissioners court of any county may establish, maintain, and operate within their respective counties, county free libraries in the manner and with the functions prescribed in this title. The said court shall also have the power and authority to establish in co-operation with another county or counties a joint free county library for the benefit of the co-operative counties."

"Article 1678.

"The commissioners court of any county may establish county free libraries for that part of such county lying outside of the incorporated cities and towns already maintaining free public libraries and for such additional parts of such counties as may elect to become a part of or to participate in such county free library system. On their own initiative,

or when petitioned to do so by a majority
of the voters of that part of the county
to be affected, said court shall proceed
to establish and provide for the maintenance
of such library according to the further
provisions of this title. The county li-
brary shall be located at the county seat
in the courthouse, unless more suitable
quarters are available."

"Article 1679.

"The Commissioners Courts are hereby
authorized to set aside annually from the
General Tax Fund, or the Permanent Improve-
ment Fund of the county, as the said Court
may determine, sums for the maintaining of
free county libraries and for the erection
of permanent improvements and the securing
of land for free county libraries, but not
to exceed twelve cents (12¢) on the One
Hundred Dollar ($100) valuation of all
property in such county outside of all in-
corporated cities and towns already sup-
porting a free public library, and upon
all property within all incorporated cities
and towns already supporting a free li-
brary, and upon all property within all in-
corporated cities and towns already sup-
porting a free public library which have
elected to become a part of such free li-
brary systems provided in Title 35 of the
Revised Civil Statutes, for the purpose of
maintaining county free libraries and for
purchasing property therefor."

The above statutes are remedial in nature, being in-
tended to assist in the spread of public education through-
out the State. Thus the rule of liberal construction ap-
plies with full force. 39 Tex.Jur. 273, Statutes, Sec. 145.
Articles 1677, 1678 and 1679 are to be construed as a whole.
Article 1677 sets forth the general authority of a commis-
sioners court to establish county free libraries; Article
1678 provides the specific limits of the authority granted,
and delineates the mechanics for establishing the said li-
braries; Article 1679 sets out the means whereby the li-
braries shall be supported from tax funds. There is no con-
flict between the aforementioned statutes, and no constitu-
tional question can reasonably be raised.

By Article 1678, the commissioners court is authorized to establish county free libraries for that part of the county lying outside of any incorporated area that already maintains public libraries. It has been ascertained that there is no free public library anywhere in Hood County or the incorporated areas therein. It is, therefore, quite clear that the provisions of Article 1678 would apply to Hood County in its entirety. A library established pursuant to that statute would service the entire county.

It has been contended that Article 1677 grants to the commissioners court complete discretion regarding the establishment of a county free library. A simple reading of the statutes as a whole reveals that contention to be untenable. The commisioners court has discretion up until the time a majority of the voters in the affected area, i.e., the whole of Hood County, petition the court for the establishment of a county free library. At the time the commissioners court receives such a petition, Article 1678 decrees that "said court shall proceed to establish and provide for the maintenance of such library, according to the further provisions of this title." The Legislature could hardly have made its intentions any more certain.

A further question has been raised as to the meaning of Article 1678, when it refers to " . . . a majority of the voters . . ." Please be advised that it is the holding of this office that the definition found in Section 2, Article VI of the Texas Constitution applies here. The petition that is in question is not a vote for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, and therefore may not, by the terms of Section 3a, Article VI, Texas Constitution, be limited to property owning taxpayers. King vs. Carlton Independent School District, 156 Tex. 365, 295 S.W.2d 408 (1956).

We will describe the effect of Article 1679, as it operates in conjunction with Articles 1677 and 1678: When a county free library has been authorized, either by the voluntary act of the commissioners court or by the involuntary act of the commissioners court in response to a petition signed by a majority of the voters, Article 1678 directs that said court "shall proceed to establish and provide for the maintenance of such library according to the further provisions of this title." Thus, the establishment of the library is provided for in Article 1678 and, once a sufficient petition has been presented, the commisioners court has no power to refuse to establish it. Article 1679 provides for the maintenance of the library from tax funds, and places discretion in the commissioners court for the allocation of tax funds to the various library purposes in an amount

not to exceed 12¢ on the $100 valuation of all property in the county which comes within the categories set forth in the statute. In the event, apparently anticipated in your request, that the commissioners court is compelled to establish the county free library, but refuses to provide substantial funds for its operation and maintenance, there is no readily apparent means whereby the said court may be forced to so provide funds. If a commissioners court is antagonistic to the wishes of the people, the electorate has its obvious remedy in the ballot.

## SUMMARY

Article 1678, Vernon's Civil Statutes, applies to the whole of Hood County, there being no free public library in any incorporated area in the said county.

A petition for the establishment of a county free library may be signed by any qualified voter, and a sufficient petition makes it incumbent upon the commissioners court to establish such a library as soon after its presentation as may be practicable.

Article 1679, Vernon's Civil Statutes, authorizes the commissioners court to set aside tax funds to maintain a county free library, and the statute vests discretion in the said court as to the amount set aside.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Malcolm L. Quick*

Malcolm L. Quick
Assistant

MLQ:ms

Hon. Burton S. Burks, Sr., page 5 (WW-1494)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Albert Pruett
Paul Phy

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore